**[ORAL ARGUMENT NOT SCHEDULED]**

**IN THE UNITED STATES COURT OF APPEALS FOR THE D.C. CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. PATRICK LOW, <br>    Plaintiff, <br><br> PATRICK LOW, <br>    Plaintiff-Appellant, <br><br> v. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE, <br>    Defendant-Appellee, <br><br> UNITED STATES OF AMERICA, <br>    Intervenor-Appellee. | No. 24-7116 |

**MOTION FOR REMAND**

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), the undersigned counsel certifies as follows:

### A. Parties and Amici

The parties before the district court and this Court are plaintiff-appellant-relator Patrick Low, plaintiff-intervenor-appellee the United States, and defendant-appellee President and Fellows of Harvard College. There were no amici in the district court or in this Court.

### B. Rulings Under Review

Relator seeks review of the opinion and order issued by the district court (AliKhan, J.) on July 5, 2024, granting the government's motion to dismiss relator's *qui tam* action. *See* Dkt.13.

### C. Related Cases

The case on review was not previously before this Court or any other court. There are no currently pending related cases in this Court or any other court that raise the same issue presented on appeal here.

*/s/ Ashley C. Honold*  
ASHLEY C. HONOLD

In this action under the False Claims Act, a private person (known as a *qui tam* relator) brought claims on behalf of the United States alleging that a defendant knowingly submitted false claims to the government. Because claims under the False Claims Act belong to the United States, the government has broad authority and discretion to seek the dismissal of such actions even over the objections of relators. 31 U.S.C. § 3730(c)(2)(A); *see also United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 429 n.2 (2023). The United States exercised that discretion here, and the district court granted the government's motion to intervene and dismiss under 31 U.S.C. § 3730(c)(2)(A). However, the government has now reconsidered its discretionary decision to dismiss and seeks a remand to the district court for further proceedings, including potentially seeking relief from the judgment under Federal Rule of Civil Procedure 60. Counsel for relator has indicated that relator does not oppose this motion.

In this case, relator Patrick Low filed a *qui tam* action under the False Claims Act against defendant President and Fellows of Harvard College on behalf of the United States. Dkt. No. 1, Compl., at 3. Relator alleged that defendant defrauded the United States by

making "false statements and false claims regarding its compliance with Title VI," 42 U.S.C. § 2000d et seq.—which prohibits discrimination on the basis of race in programs and activities receiving federal financial assistance—"to obtain federal funds from" the Department of Education. *Id.*

Before defendant answered relator's complaint, the United States moved to intervene and dismiss this action under 31 U.S.C. § 3730(c)(2)(A). Dkt. No. 3. The district court granted the government's motion. Relator appealed and filed his opening brief in this Court on March 7, 2025.

The government has now reconsidered its discretionary decision to dismiss and requests a remand to the district court for further proceedings, including potentially seeking relief from the judgment under Federal Rule of Civil Procedure 60. Although the government has broad discretion to dismiss *qui tam* suits, and the district court did not err in granting the government's motion to dismiss in this case, the government retains broad authority to reconsider its exercise of that discretion, and it has done so here. As the Supreme Court recently explained, where the government moves to dismiss prior to the filing of

an answer or summary judgment motion by defendants, "Rule 41 entitles the movant to a dismissal; the district court has no adjudicatory role." *Polansky*, 599 U.S. at 436 n.4. In this case, the United States filed its motion to dismiss before the defendant filed an answer or summary judgment motion, and the government was therefore entitled to dismissal under Rule 41. But the government has now re-evaluated its discretionary decision to seek dismissal of this *qui tam* suit. This Court should grant the government's motion to remand to the district court for further proceedings.

        Respectfully submitted,

        CHARLES W. SCARBOROUGH

        <u>/s/ Ashley C. Honold</u>
        ASHLEY C. HONOLD
          *Attorneys, Appellate Staff*
          *Civil Division, Room 7261*
          *U.S. Department of Justice*
          *950 Pennsylvania Avenue NW*
          *Washington, DC 20530*
          *(202) 353-9018*
          *ashley.c.honold@usdoj.gov*

May 2025

# CERTIFICATE OF COMPLIANCE

This filing complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 492 words.  This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Century Schoolbook 14-point font, a proportionally spaced typeface.

  s/ *Ashley C. Honold*
     ASHLEY C. HONOLD

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2025, I filed and served the foregoing with the Clerk of the Court by causing a copy to be electronically filed via the appellate CM/ECF system. I also hereby certify that the participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

                                            s/ *Ashley C. Honold*
                                              ASHLEY C. HONOLD